Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

_____Houston____ Division

| | |
|---|---|
| Amo, Aduragbemi Emmanuel | Case No. _____ |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☐ Yes ☐ No |
| **-v-** | |
| United States Citizenship and Immigration Services 5900 Capital Gateway, Camp Springs MD 20588 | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Amo, Aduragbemi Emmanuel |
| Street Address | 1700 Southwest Parkway, Apt 49, |
| City and County | College Station, Brazos County |
| State and Zip Code | Texas, 77840 |
| Telephone Number | 7627282592 |
| E-mail Address | aduragbemi@tamu.edu |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                              Pamela Bondi

Job or Title (if known)           Attorney General of the United States

Street Address                    U.S. Department of Justice

City and County                   950 Pennsylvania Avenue NW

State and Zip Code                Washington DC 20530-0001

Telephone Number                  202 514 2000

E-mail Address (if known)

Defendant No. 2

Name                              Joseph B. Edlow

Job or Title (if known)           Director, U.S. Citizenship and Immigration Services

Street Address                    5900 Capital Gateway Drive, Mail Stop 2120

City and County                   Camp Springs and Prince George County

State and Zip Code                MD 20588

Telephone Number

E-mail Address (if known)

Defendant No. 3

Name                              Kristi Noem

Job or Title (if known)           Secretary of the Department of Homeland Security

Street Address                    2707 Martin Lurther King Jr Avenue SE, Mail stop 048

City and County

State and Zip Code                Washington DC 20528-0485

Telephone Number                  202 282 8000

E-mail Address (if known)

Defendant No. 4

Name                              Nicholas J. Ganjei

Job or Title (if known)           Unites State Attorney for Southern District of Texas

Street Address                    1000 Louisiana, Ste 2300

City and County                   Houston, Harris County

State and Zip Code                Texas 77002

Telephone Number

E-mail Address (if known)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. § 1361 - Mandamus Act, which grant federal district court jurisdiction to compel an officer or employee of the US thereof to perform a duty owed to the Plaintiff. 28 U.S.C. § 1331 - Federal question Jurisdiction and Venue is proper in this District under 28 U.S.C. § 1391(e).

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the

State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated

under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        b.    If the defendant is a corporation

            The defendant, *(name)* _____ , is incorporated under

            the laws of the State of *(name)* _____ , and has its

            principal place of business in the State of *(name)* _____ .

            Or is incorporated under the laws of *(foreign nation)* _____ ,

            and has its principal place of business in *(name)* _____ .

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The Plaintiff, Amo, Aduragbemi Emmanuel, filed Form I-485 to register for permanent residency under the Employment-Based, Alien of Extraordinary Ability (EB1A) category. The Plaintiff submitted the application on December 24, 2024, and it remains unadjudicated as of the date of this filing. The Plaintiff is seeking adjudication of his application due to prolonged delay by the USCIS, which has caused his significant financial hardship and professional loss. The delay has prevented the Plaintiff from accepting qualifying employment opportunities and has resulted in severe financial instability.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiff respectfully requests that the Court issue a writ of mandamus compelling the Defendants to promptly adjudicate his pending Application to Register Permanent Residence or Adjust Status (Form I-485). The Plaintiff further requests any other relief the Court deems just and proper, as the ongoing delay continues to cause financial hardship and professional loss.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

---

**V.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:                        10/31/2025

Signature of Plaintiff

Printed Name of Plaintiff          Amo, Aduragbemi Emmanuel

**B.     For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

**Amo, Aduragbemi Emmanuel, Plaintiff,**

**vs.**

United States Citizenship and Immigration Services (USCIS), Pam Bondi, Attorney General of the United States, Joseph B. Edlow, Director of USCIS, Kristi Noem, Secretary of the Department of Homeland Security, Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, Defendants. **Case No.:**

## PETITION FOR WRIT OF MANDAMUS

**Introduction**

Plaintiff, **Amo, Aduragbemi Emmanuel** ("Plaintiff"), respectfully petitions this Honorable Court for a Writ of Mandamus to compel the United States Citizenship and Immigration Services (USCIS) to adjudicate his form I-485 Application to Register Permanent Residence or Adjust Status (Receipt Number: IOE0929263252) and that of his dependent (Receipt Number: IOE0929263251), which has been subjected to an unreasonable and unjustifiable delay, depriving her of rights and protections guaranteed under federal law.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1361, which confers original jurisdiction upon District Courts in actions to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2. This Court also has jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Immigration and Nationality Act (INA) and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are officers or employees of the United States acting in their official capacities.

**Parties**

4. Plaintiff, **Amo, Aduragbemi Emmanuel**, resides at 1700 Southwest Parkway APT 49, College Station, Texas, 77840, and is seeking adjustment of status based on his approved form I-140 immigrant petition for alien worker E11. Plaintiff previously resided in 401 Lincoln Avenue APT. 34, College Station, Texas, 77840 where significant actions related to her application occurred, and according to USCIS, the application is still pending at the National Benefit Center.

5. Defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government responsible for implementing and enforcing immigration laws. USCIS's headquarters is located at 5900 Capital Gateway Drive, Camp Springs, MD 20588.

6. Defendant, Pam Bondi, is the Attorney General of the United States, with an official address at the U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington, DC 20530-0001. She is responsible for overseeing the lawful execution of federal laws. She is sued in his official capacity.

7. Defendant, Joseph B. Edlow, is the Director of USCIS, tasked with supervising the agency's administration of immigration applications and petitions. He is sued in his official capacity. His official address is USCIS Office of the Chief Counsel, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009.

8. Defendant, Kristi Noem, is the Secretary of the Department of Homeland Security (DHS), the parent agency of USCIS. She is sued in his official capacity. Her official address is U.S. Department of Homeland Security, c/o Office of the General Counsel, 2707 Martin Luther King Jr. Ave SE, Mail Stop 0485, Washington, DC 20528-0485.

9. Defendant, Nicholas J. Ganjei, is the United States Attorney for the Southern District of Texas and represents the federal government's interests within this jurisdiction. He is sued in his official capacity. His official address is United States Attorney's Office - Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, TX 77702.

**Factual Background**

10. Plaintiff filed and his dependent filed I-485 Application to Register Permanent Residence or Adjust Status (Receipt Number: IOE0929263252, IOE0929263251) on **12/30/2024**, pursuant to their lawfully entries, continuous maintenance of status and subsequent approval of form I-140 immigrant petition for alien worker, E11.

11. The plaintiff was approved for an Immigrant Petition for Alien Worker (EB-1A, E11 category), which was filed on **07/12/2024** and approved on **10/28/2024**. Accordingly, the plaintiff's Form I-485 applications have been current since the date of filing.

12. Despite completing all prerequisites for adjudication, Plaintiff's application remains pending, with no decision rendered as of the date of this filing, resulting in significant emotional distress, severe financial loss and instability.

13. The plaintiff is in the US on F1 status, a graduate student at Texas A&M University, He has two dependents, spouse and one kid (US citizen). He has approved form I-140 immigrant petition for a specific proposed endeavor, as such he cannot take up any employment that is not in line with this endeavor in the underlying approved form I-140. The field of his proposed endeavor is critical, and potential employers will only accept a U.S. person, such as a lawful permanent resident or U.S. citizen. The plaintiff has not applied for an EAD, as his F-1 student status does not readily permit full-time employment authorization. As F-1 students, the plaintiff and his spouse are limited to working only up to 20 hours per week, which is insufficient to support their family of three. Although they maintain student health insurance, it did not cover the significant medical expenses and were required to pay various co-pay medical bills out of pocket leaving them to bear the financial burden directly. This situation has caused substantial financial hardship for the family.

14. The prolonged delay has caused significant emotional distress, severe financial loss and instability, loss of job offers because employer requires US person for jobs that are in the area of his proposed endeavor in the immigrant visa petition, and uncertainty for Plaintiff and his family. Most job opportunities aligned with his area of expertise and endeavor

require at least permanent resident status due to the critical nature of the field and clients. He has not been able to access some potential job offers because these jobs require green card holders and not just work authorization.

15. Plaintiff has diligently sought updates regarding the status of her case by contacting USCIS multiple times, including:

- Numerous calls and chat inquiries to USCIS customer service (over 7 times) without resolution.

- October 8, 2025: Inquiry made through USCIS customer service

- October 14, 2025: Follow-up inquiry through the same channel

- October 30, 2025: Additional inquiry met with instructions to continue waiting.

16. Plaintiff sought assistance from external resources, including:

- Contacting Senator John Coryn's office on October 8, 2025, with instructions to continue waiting.

- Contacting Representative Michael McCaul office on October 8, 2025, with no resolution.

17. USCIS's delay is inconsistent with its published processing times for similar applications, which typically conclude within months of the adjustment interview. This protracted inaction is arbitrary, capricious, and contrary to law. *See Al Karim v. Holder, 2010 U.S. Dist. LEXIS 123559 (D. Colo. Nov. 19, 2010) (finding a three-year delay in adjudicating adjustment of status application unreasonable under the APA).*

18. The delay also violates USCIS's statutory obligation under 8 U.S.C. § 1571(b), which establishes a congressional mandate to process immigration benefits within a reasonable time.

19. Delays of this magnitude have been held unreasonable in cases such as *Saleh v. Ridge, 367 F. Supp. 2d 508 (S.D.N.Y. 2005)*, where the court granted mandamus relief due to USCIS's failure to act within a reasonable timeframe.

**Legal Argument**

19. Plaintiff has a clear and indisputable right to the relief requested. Under 5 U.S.C. § 706(1), the Administrative Procedure Act (APA) authorizes courts to compel agency action that is unlawfully withheld or unreasonably delayed. USCIS's prolonged failure to adjudicate Plaintiff's Adjustment of Status application has caused and continues to cause significant and irreparable harm, including substantial financial losses and the loss of employment opportunities.

20. Unlike cases involving routine delays, the harm in this matter is acute and measurable. Plaintiff access to job offer is contingent upon possession of lawful permanent resident status, as the employer requires a green card due to contract eligibility restrictions. Because of USCIS's failure to act, Plaintiff is unable to seek offers, resulting in a direct and ongoing financial loss and the forfeiture of a career opportunity aligned with his professional qualifications.

21. The delay also obstructs Plaintiff's spouse access to public services eligibility for federal research funding, professional licensure, and other services essential for contributing to the national interest. Such denial of access not only harms the Plaintiff personally but also undermines broader public and economic interests.

22. Courts have recognized that delays resulting in severe economic harm, or the loss of time sensitive opportunities may constitute an unreasonable delay under the APA. See, e.g., Asmai v. Johnson, No. 15-cv-03580, 2016 WL 6818854, at *4 (N.D. Cal. Nov. 17, 2016) (finding that career and financial setbacks resulting from agency inaction supported an APA claim).

23. Defendants owe Plaintiff a nondiscretionary duty to process and adjudicate his application within a reasonable timeframe, as mandated by the Immigration and Nationality Act (INA), APA, and relevant regulations. Their failure to do so not only violate statutory obligations but has directly jeopardized Plaintiff's financial stability and professional advancement.

24. Plaintiff has exhausted all available administrative remedies, including repeated inquiries to USCIS and seeking assistance from elected representative and senator. Despite these efforts, Defendants have failed to act.

25. The Court's intervention is necessary to redress this inaction and ensure compliance with statutory and regulatory duties. Further delay risks irreparable harm to Plaintiff, including loss of employment and financial hardship for his household

**Relief Sought**

26. Plaintiff respectfully requests that this Honorable Court:
   - Issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's and his dependent's form I-485 Application to Register Permanent Residence or Adjust Status with (Receipt Numbers: IOE0929263252, and IOE0929263251) without further delay.
   - Grant such other and further relief as the Court deems just and proper.

**Conclusion**

Plaintiff respectfully requests that this Court grant the relief sought and compel Defendants to promptly adjudicate his and dependents' applications, ensuring compliance with statutory mandates and protections. The prolonged delay has caused significant hardship, financial loss, inability to apply for job offers, and timely resolution is imperative to avoid further distress and financial instability.

**Yours faithfully**

   **Signature:**

Amo, Aduragbemi Emmanuel

1700 Southwest Parkway, Apt 49,

College Station, Texas, 77840

aduragbemi@tamu.edu

762-728-2592

10/31/2025

**Exhibits:**

- **Exhibit A:** Copies of form I-485 receipt notice (Receipt Numbers: IOE0929263252, and IOE0929263251).
  - **Exhibit B:** Copies of Biometrics appointment completion.
  - **Exhibit C:** Copies of EB1A approval notice.
  - **Exhibit D:** Copies of both F1, visa pages, I 94, and non-immigrant status (form I-20).
  - **Exhibit E:** Copies of Birth Certificates for the household members.
  - **Exhibit F:** Evidence of financial loss (Copies of outstanding medical bills).
  - **Exhibit G:** Copies of correspondence with USCIS.
  - **Exhibit H:** Copies of additional correspondence with USCIS.
  - **Exhibit I:** Copies of correspondence with USCIS follow-up attempts.
  - **Exhibit J:** Representative Michael McCaul's office on October 8, 2025.
  - **Exhibit K:** Senator John Coryn's office on October 8, 2025, 2025.

**Affidavit**

I, Amo, Aduragbemi Emmanuel, declare under penalty of perjury that the foregoing is true and correct